**Donald DAVIS, et al., Plaintiffs,**

v.

**SUN OIL COMPANY, Defendant.**

No. C–3–93–408.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 27, 1996.

A. Mark Segreti, Jr., Dayton, OH, for plaintiffs.

Michael R. Blumenthal, Dayton, OH, David S. Hoffman, Cleveland, OH, for defendant.

DECISION AND ENTRY OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 26); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFFS; TERMI-NATION ENTRY

RICE, Chief Judge.

In 1985, the Plaintiffs purchased a parcel of real estate located in Montgomery County,

Ohio, on which the Defendant, a previous owner of that property, had operated a gas station. Defendant had removed the gasoline storage tanks before it sold the property; however, it did not remove the pipes through which gasoline would flow from those tanks to the pumps. Plaintiffs bring this action under the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1). In their Complaint, the Plaintiffs allege that "Defendant, while the owner of the property, handled hazardous substances on that property, and contributed to and caused the disposal of solid or hazardous waste on the property which may present an imminent and substantial endangerment to health or the environment, *i.e.*, gasoline components, including benzene, toluene, ethylbenzene and xylenes." Doc. # 1 at ¶ 5. The Plaintiffs request that the Court "order the defendant to take such actions as are necessary to remedy the situation caused on the property, impose appropriate civil penalties under 42 U.S.C. § 6928(g), and award plaintiffs their reasonable attorney and expert witness fees." *Id.* at 2–3.

This case is now before the Court on the Defendant's Motion for Summary Judgment (Doc. # 26). As a means of analysis, the Court will initially set forth the standards which govern all motions for summary judgment, following which it will turn to the instant motion.

A motion for summary judgment "should be granted where the evidence is such that it 'would require a directed verdict [now a judgment as a matter of law] for the moving party.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), quoting *Sartor v. Arkansas Gas Corp.*, 321 U.S. 620, 624, 64 S.Ct. 724, 727, 88 L.Ed. 967 (1944). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Of course, the moving party:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

477 U.S. at 323, 106 S.Ct. at 2553. *See also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir.1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial." quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 [6th Cir.1987] ). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511 (quoting Fed.R.Civ.P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). *See also, Michigan Protection and Advocacy Service, Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of

that party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14 (emphasis added). Of course, if the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure*, § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989); *cert. denied*, 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also, L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.*, 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The Defendant initially argues that the Plaintiffs are not entitled to two types of relief which it claims they are seeking, to wit: 1) restitution for sums which they expended attempting to clean up the property, hiring expert witnesses and conducting an environmental investigation, and 2) civil penalties, given that the only relief the Plaintiffs can obtain under RCRA is an order requiring it

to take certain action. *See* Doc. # 26 at 4–5. The Court will address these two forms of relief in the above order.

 In their Complaint (Doc. # 1), the Plaintiffs did not request that the Court order restitution for any past costs they have incurred. However, in their Motion for Summary Judgment,[1] the Plaintiffs did request that the Court enter summary judgment in their favor and enter appropriate equitable relief, including ordering the Defendant "to provide restitution to the Plaintiffs for monies spent by Plaintiffs in attempting to clean up the property, hiring expert witnesses, and incurring costs of environmental investigation." Doc. # 21 at 11. The Court need not rule upon the merits of this aspect of the Defendant's Motion for Summary Judgment (Doc. # 26). Under Rule 8(a)(3) of the Federal Rules of Civil Procedure, the type of relief sought must be contained in the pleading, in this case, the Complaint. No provision of those Rules or any case law extant authorizes a person to request a form of relief in a motion for summary judgment, different from that requested in his pleading. Moreover, the Plaintiffs have not sought leave to amend their Complaint to request the remedy of restitution.[2] In sum, since the Plaintiffs' Complaint did not pray for restitution as a form of relief, they are not entitled to an order granting same. Nor is the Defendant entitled to a ruling addressing the merits of said non-existent claim. Therefore, since a live controversy regarding Plaintiffs' entitlement to an order of restitution does not exist, this Court overrules, without addressing the merits of the parties' arguments, the Defendant's Motion for Summary Judgment (Doc. # 26), to the extent that, with said motion, Defendant seeks summary judgment on the Plaintiffs' "request" for such an order.

1. In a Decision filed on March 20, 1996, the Court overruled the Plaintiffs' Motion for Summary Judgment. *See* Doc. # 39.

2. If such a motion were filed, the Plaintiffs would have a difficult time convincing the Court that leave to amend should be granted. In *Meghrig v. KFC Western, Inc.*, —— U.S. ——, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996), a unanimous Supreme

Court concluded that RCRA does not authorize an award of restitution for past cleanup costs. In its Motion for Summary Judgment (Doc. # 26), the Defendant had relied upon *Furrer v. Brown*, 62 F.3d 1092 (8th Cir.1995), a case in which the Eighth Circuit concluded, as did the Supreme Court in *Meghrig*, that damages in the form of restitution cannot be recovered under RCRA. The Defendant filed its motion before the Supreme Court decided *Meghrig*.

■ The Defendant also argues that it is entitled to summary judgment on the Plaintiffs' request that the Court impose a civil penalty upon Defendant.[3] The Defendant argues that this Court cannot impose civil penalties in an action brought by a private party. Defendant's argument is predicated upon 42 U.S.C. § 6928(g), which authorizes the imposition of civil penalties. Section 6928(g) provides:

(g) Civil penalty

Any person who violates any requirement of this subchapter [§§ 6921–6939e] shall be liable to the United States for a civil penalty in an amount not to exceed $25,000 for each such violation. Each day of such violation shall, for purposes of this subsection, constitute a separate violation.

The Defendant argues that a private party cannot enforce the civil penalty provision, since § 6928(g) renders a violator liable to the United States. This Court does not agree. The citizen suit provision of RCRA explicitly grants District Courts the jurisdiction "to apply any appropriate civil penalties under section 6928(a) and (g) of this title." 42 U.S.C. § 6972(a). Courts which have considered the question have concluded that said citizen suit provision, § 6972(a), permits the imposition of a civil penalty in an action brought by a private party. *See Clorox Co. v. Chromium Corp.*, 158 F.R.D. 120, 128 (N.D.Ill.1994). *See also, Department of Energy v. Ohio*, 503 U.S. 607, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992) (assuming that § 6972(a) invests a District Court with jurisdiction to impose civil penalties in an action brought by a private party). Moreover, RCRA's citizen suit provision is strikingly similar to the citizen suit provision in the Clean Water Act ("CWA"). *Compare* 42 U.S.C. § 6972(a) (RCRA) with 33 U.S.C. § 1365(a) (CWA). *See also, Garcia v. Cecos International, Inc.*, 761 F.2d 76, 81 (1st Cir. 1985) (noting similarity of citizen suit provi-

sions in those two statutes). In *Middlesex County Sewerage Auth. v. Sea Clammers Association*, 453 U.S. 1, 14 n. 25, 101 S.Ct. 2615, 2623 n. 25, 69 L.Ed.2d 435 (1981), the Supreme Court said that a District Court could impose civil penalties in a citizen suit under the CWA. *See also, Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). Accordingly, this Court concludes that civil penalties can be imposed upon the Defendant in this lawsuit and overrules the Defendant's Motion for Summary Judgment (Doc. # 26), to the extent that with same Defendant seeks summary judgment on Plaintiffs' request that the Court impose civil penalties on the Defendant.

■ Alternatively, the Defendant argues that *res judicata* prevents the Plaintiffs from maintaining this action. In support of that argument, the Defendant relies upon the parallel litigation between the same parties which had been proceeding in the courts of Ohio, under a theory of nuisance, fraud and breach of contract. In that litigation, the Montgomery County Court of Common Pleas entered final judgment in favor of the Plaintiffs (who are also the Plaintiffs in this litigation), on the Plaintiffs' fraud and breach of contract claims, awarding monetary damages, attorney's fees and a decree of specific performance ordering Defendant to clean up the property within one year of the judgment. The Defendant (who, likewise, is the Defendant in this litigation) appealed that judgment to the Montgomery County Court of Appeals. On January 31, 1996, that court rendered its decision, affirming, with a slight modification,[4] the judgment of the trial court. *Davis v. Sun Refining and Marketing Company*, 109 Ohio App.3d 42, 671 N.E.2d 1049 1996 WL 38927 (Ohio App.1996). As a result of the Appellate Court's decision, the Plaintiffs obtained, in state court, all of the relief this Court could conceivably grant to *them* in this litigation.[5]

---

3. Unlike restitution, the Plaintiffs' Complaint (Doc. # 1) does contain a request for civil penalties.

4. The trial court had granted the Plaintiffs' request for specific performance of a contract between Defendant and them and had ordered the Defendant to clean up the property in question within one year. The Montgomery County Court

of Appeals eliminated the one-year obligation and substituted the requirement that the Defendant proceed in an expeditious manner.

5. In this litigation, the Plaintiffs request that the Court order the Defendant to take actions which are necessary to remedy the situation on the property and that civil penalties be imposed upon the Defendant. As is noted above, the state

Of course, even if the Plaintiffs had not obtained all such relief in state court that they could achieve herein, the doctrine of *res judicata*, if applicable, would bar this litigation. In *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 77 (6th Cir.1993), the Sixth Circuit reviewed the principles which a District Court must apply when deciding whether to give *res judicata* effect to a prior state court judgment:

> State judicial proceedings are entitled to the same preclusive effect in federal court as they would receive in the judgment-rendering state. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 384 [105 S.Ct. 1327, 1334, 84 L.Ed.2d 274] (1985). We therefore look to Ohio preclusion law. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 663 (6th Cir. 1990). In Ohio, " '[t]he doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' " *Gargallo*, 918 F.2d at 661 (quoting *Norwood v. McDonald*, 142 Ohio St. 299, 305, 52 N.E.2d 67, 71 (1943) (other citations omitted)). This includes all claims which were or might have · been litigated in the first lawsuit. *National Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990), *cert. denied*, 498 U.S. 1120 [111 S.Ct. 1075, 112 L.Ed.2d 1180] (1991). Thus, under Ohio law, claim preclusion requires that the rendering court possess subject matter jurisdiction over the original claim. *Gargallo*, 918 F.2d at 663.

It is not questioned that the parties in this action are the same as those in the state court litigation. In addition, a final judgment has been entered by the Montgomery County Court of Common Pleas, which was affirmed, with one minor modification, by the Montgomery County Court of Appeals. Accordingly, in this case, this Court need only focus on whether the Plaintiffs' claim under RCRA *was* or *could have been* litigated in the Ohio court proceedings. The Plaintiffs' claim under RCRA was not litigated in the state court proceedings; indeed, such a claim was not asserted therein. In addition, the Plaintiffs argue that their RCRA claim could not have been litigated in an Ohio court, because § 6972(a) invests federal courts with exclusive jurisdiction to hear citizens suits under that statute. Certainly, if federal courts have exclusive jurisdiction over citizens' suits under § 6972(a), and, therefore, state courts cannot exercise jurisdiction over such claims, then the Plaintiffs could not have brought their claim under RCRA in the Montgomery County Court of Common Pleas. However, if state courts have concurrent jurisdiction over such claims, then nothing would have prevented the Plaintiffs from asserting that claim in state court. Accordingly, this Court turns to the question of whether federal courts have exclusive or concurrent jurisdiction to entertain citizen suits under § 6972(a).

In *Holmes Fin Associates v. Resolution Trust Corp.*, 33 F.3d 561 (6th Cir.1994), the Sixth Circuit reviewed the principles which must be applied to determine whether federal courts have exclusive jurisdiction over a particular federal, statutory claim or whether that claim can be pursued in state court as well:

> The Supreme Court has held that "under our system, the States possess sover-

---

court has ordered the Defendant to clean up the property. In this litigation, this Court could only order the Defendant to take such action as is necessary to prevent an imminent and substantial endangerment to health and the environment. *See* 42 U.S.C. § 6972(a). The state court's order, on the other hand, requires the Defendant to take remedial action regardless of whether the hazardous substances on the property pose such an endangerment. While that order may require the Defendant to act in the absence of such an endangerment, it is not conceivable

that the Defendant could clean up the property and, thus, comply with the state court's order while the hazardous substances remained on it and constituted such an endangerment. Therefore, the state court's order that the property be remediated is at least as favorable to the Plaintiffs as any order they could obtain in this litigation. In addition, any civil penalties which this .Court would impose upon the Defendant would be paid to the United States rather than to the Plaintiffs.

eignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause." *Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S.Ct. 792, 795, 107 L.Ed.2d 887 (1990). Accordingly, "state courts have inherent authority, and are presumptively competent, to adjudicate claims arising under the law of the United States." *Id.* It is axiomatic, however, that Congress has the power to preclude state court jurisdiction over federal claims if it so chooses. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78, 101 S.Ct. 2870, 2874–75, 69 L.Ed.2d 784 (1981).

The *Holmes* court concluded that "to overcome the 'presumptive competence' of state courts to hear and determine cases arising under federal law, the [Supreme] Court held that Congress must 'affirmatively divest' the state courts of that jurisdiction and must do so in the text of the statute." *Id.* at 565 (footnote omitted) (citing *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990)).[6]

The statute in question, § 6972(a), provides that "[a]ny action under paragraph (a)(1) of this subsection *shall* be brought in a district court for the district in which the alleged violation occurred or the alleged endangerment may occur." (emphasis added). In *Middlesex County Bd. of Chosen Freeholders v. New Jersey*, 645 F.Supp. 715, 719 (D.N.J.1986), the only case to address the question, the court noted that the word "shall" is used in § 6972(a), a word which is construed to be mandatory rather than discretionary, and concluded that, as a consequence, federal courts have exclusive jurisdiction over citizen suits under § 6972(a). This Court does not agree with the analysis of the District Court in *Middlesex County*. In *Holmes*, the Sixth Circuit noted that "Congress is well versed in the intricacies of concurrent and exclusive federal court jurisdiction and the need for an explicit withdraw-

al of concurrent jurisdiction." 33 F.3d at 565. Indeed, when Congress wants to divest state courts of such jurisdiction, it has shown that it is quite capable of using explicit language necessary to accomplish that task. *See e.g.*, 29 U.S.C. § 1132(e)(1) (explicitly granting "exclusive jurisdiction" to District Courts for most actions arising under ERISA, while explicitly preserving concurrent, state court jurisdiction over ERISA actions under § 1132(a)(1)(B)); 42 U.S.C. § 9613(e) (providing that District Courts "shall have exclusive original jurisdiction" over actions under CERCLA). In § 6972(a), Congress did not say that federal courts shall have "exclusive jurisdiction" over claims brought under it, nor did Congress use a phrase similar to "exclusive." However, § 6972(a) does contain the word "shall," which is interpreted as mandatory. Assuming for sake of argument that the use of the word "shall" can be sufficient to overcome the presumption of concurrent jurisdiction, the portion of that statute which uses "shall" can be just as readily be interpreted as a specific venue provision as it can a provision vesting jurisdiction exclusively in federal courts. In other words, the passage can be interpreted as resolving the question of which District Court a claim under the § 6972(a) must be asserted, as opposed to divesting state courts of their presumed concurrent jurisdiction. A construction of § 6972(a) as a specific venue provision, superseding for RCRA purposes the general venue statute, is buttressed by the fact that under the general venue statute, 28 U.S.C. § 1391, an action under RCRA could be brought against a corporation in any district in which such a defendant is subject to personal jurisdiction, rather than only in the district in which the alleged violation occurred or the alleged endangerment may occur.

---

6. In a footnote to the above quoted passage, the *Holmes* court stressed the strength of the presumption that state courts could decide claims predicated upon federal law:

The [Supreme] Court has twice made clear that this "presumption" is not just an evidentiary starting point in determining Congress' intent. Rather, it refers to the fact that concurrent jurisdiction always exists under the

Supremacy Clause until affirmatively and expressly revoked by federal law. *See Howlett v. Rose*, 496 U.S. 356, 370 n. 17, 110 S.Ct. 2430, 2440 n. 17, 110 L.Ed.2d 332 (1990) (citing *Minneapolis & St. Louis R. Co. v. Bombolis*, 241 U.S. 211, 222, 36 S.Ct. 595, 598, 60 L.Ed. 961 (1918)).

33 F.3d at 565 n. 4.

In sum, the Sixth Circuit has said that "concurrent jurisdiction always exists under the Supremacy Clause until affirmatively and expressly revoked by federal law." *Holmes,* 33 F.3d at 565 n. 4. When it enacted § 6972(a), Congress did not state that federal courts shall have exclusive jurisdiction over citizens suits under that statute and, therefore, did not affirmatively and expressly revoke concurrent jurisdiction. Moreover, the ambiguous context in which the word "shall" is used in that statute does not constitute an explicit withdrawal of the concurrent jurisdiction which state courts presumptively exercise. Therefore, this Court concludes that the Plaintiffs could have brought their RCRA claim in state court. Accordingly, the Plaintiffs' claim under that statute (the only claim they have asserted in this litigation) is barred by the doctrine of *res judicata.*[7]

Based upon the foregoing, the Court sustains the Defendant's Motion for Summary Judgment (Doc. # 26), to the extent that said motion is predicated upon the argument that Plaintiffs' claim under RCRA is barred by *res judicata.* Accordingly, the Court directs that judgment be entered in favor of the Defendant and against the Plaintiffs.[8]

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

7. Since the Court has concluded that the Plaintiffs' claim is barred by *res judicata,* it is not necessary to address the Defendant's argument that said claim is also barred by the doctrine of primary jurisdiction. The Court does note that such an argument has not received a favorable reception with other courts. *See e.g., Coalition for Health Concern v. LWD, Inc.,* 834 F.Supp. 953 (W.D.Ky.1993).

8. In its Motion for Summary Judgment (Doc. # 26), the Defendant requests that this Court award it the costs of this litigation, including reasonable attorney's fees. Section 6972(e) authorizes the award of costs, including reasonable attorney's fees, to the prevailing party in a citizen's suit under RCRA, "whenever the court determines such an award is appropriate." *See also* Rule 54(d)(1) of the Federal Rules of Civil Procedure (costs other than attorney's fees). If the Defendant deems an award of attorney's fees to be appropriate in this case, it may file an application for same, accompanied by a detailed listing of hours and costs expended, within 30 days of the entry of this Decision. An application for an award of attorney's fees is traditionally treated as a post-judgment matter. *See White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). *See also,* Rule 54(d)(2)(B) (application for award of attorney's fees must be filed within 14 days of entry of judgment, unless court orders otherwise).