OPINION OF THE COURT
George M. Bergerman, J.
This is a motion of defendant Hudson Technologies, Inc. for an order dismissing plaintiff’s amended verified complaint pursuant to CPLR 3211 (a) (2) and (7). The plaintiff opposes the defendant’s application.
The amended complaint in this action is based upon the allegation that defendant has released hazardous wastes including dichlorodifluoromethane and trichlorofluoromethane from its *985 property in Hillburn, New York, which have migrated to and contaminated nearby property including plaintiffs wells which are used to supply drinking water to residents of Rockland County. State claims are included for nuisance, trespass and strict liability and a claim pursuant to the Resource Conservation and Recovery Act (42 USC § 6901 et seq. [RCRA]). On the causes of action brought as a “citizen suit” pursuant to RCRA, plaintiff seeks an order directing defendant to join and participate in the investigation and cleanup to be performed at defendant’s Hillburn Facility, directing that defendant fund the costs and expenses incurred by plaintiff to date and in the future in connection with the clean-up work to be performed and for costs and attorneys’ fees.
CPLR 3211 (a) (2)
The defendant claims that the court lacks subject matter jurisdiction over the RCRA claims and that since Federal courts have exclusive jurisdiction over RCRA citizen suits, this court has no jurisdiction to entertain the RCRA claims.
The relevant provision of the RCRA provides as follows: “Any action brought under paragraph (a) (1) of this subsection shall be brought in the district court * * * in which the alleged violation occurred or the alleged endangerment may occur.” (42 USC § 6972 [a] [emphasis supplied].)
Defendant cites Blue Legs v United States Bur. of Indian Affairs (867 F2d 1094 [8th Cir 1989]) and Middlesex County Bd. of Chosen Freeholders v State of New Jersey (645 F Supp 715 [D NJ 1986]) to support its contention that the Federal courts have jurisdiction over RCRA claims to the exclusion of the State courts.
The court finds that the cited cases and their progeny are not in conformity with the application of long-standing precedents which interpret Federal statutes regarding the exclusive jurisdiction of the Federal courts.
In Yellow Frgt. Sys. v Donnelly (494 US 820, 823), the Supreme Court, citing Tafflin v Levitt (493 US 455, 458) and Gulf Offshore Co. v Mobil Oil Corp. (453 US 473, 477-478) noted its consistent holding “that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the law j of the United States.” It went on to state that “To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction [citations omitted].” (Yellow Frgt. Sys. v Donnelly, supra, at 823.)
*986 The Supreme Court found that the wording “shall have jurisdiction” in title VII of the Civil Rights Act of 1964 did not constitute an unequivocal statement by Congress that jurisdiction of the Federal courts would be exclusive. In reaching this conclusion, the Supreme Court looked at the wording of the statute and found that it “contains no language that expressly confines jurisdiction to federal court or ousts state courts of their presumptive jurisdiction. The omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent.” (Supra, at 823.) While Yellow Frgt. considered that title VII’s legislative history reflected an expectation by many legislators that they fully expected that most cases would be tried in Federal court, such an expectation would not “substitute for a legislative decision to overcome the presumption of concurrent jurisdiction.” (Supra, at 825.)
Nor was the Court in Yellow Frgt. persuaded that references in title VII to specific procedures applicable to Federal courts constituted a demonstration of intent to provide for exclusive Federal jurisdiction. (Supra, at 826.)
The court finds that this well-established principle for the determination of whether exclusive Federal jurisdiction exists for citizen suits under RCRA was more correctly applied in Davis v Sun Oil Co. (953 F Supp 890, affd 148 F3d 606). The Davis court found that there was no express divestiture of State court jurisdiction contained in RCRA and that the word “shall” simply constituted a venue provision designating the District Court in which a particular action would have to be commenced. The District Court noted that when Congress desires to divest State courts of jurisdiction it uses explicit language granting “exclusive jurisdiction” to the District Courts. (Supra, at 895.) The District Court noted that RCRA does not contain any phrase which is similar to “exclusive”.
On appeal, the Sixth Circuit affirmed the District Court’s determination noting that “the strong presumption is in favor of concurrent jurisdiction in the state courts.” (Supra, at 612.) Both the District Court and the Sixth Circuit disagreed with the analysis in Middlesex (supra) which found exclusive jurisdiction in the Federal court.
Accordingly, the defendant’s motion to dismiss for lack of jurisdiction of the State court is denied.
Defendant’s motion to dismiss plaintiffs RCRA causes of action for failure to state causes of action is denied. The injunctive relief sought by plaintiff is only premised upon the allegations that (1) plaintiffs wells are contaminated, (2) the presence *987 of persistent hazardous compounds in the environment, due to defendant, which compounds continue to migrate and threaten the Ramapo Valley sole source aquifer and the public water supply, and (3) recent test results showing an increase in contamination in plaintiffs wells and defendant’s monitoring walls.
Defendant’s motion to dismiss that portion of plaintiffs claim which seeks past clean-up costs is granted. (Meghrig v KFC W., 516 US 479.)
The court will hold in abeyance a ruling on whether plaintiff can assert a claim for present/future clean-up damages under RCRA until the date of trial for the following reasons:
(1) The court has previously found plaintiff states causes of action for injunctive relief pursuant to RCRA. Accordingly, a determination that present/future damages would not be recoverable would not warrant dismissal of plaintiffs RCRA claims.
(2) The plaintiffs complaint contains State law causes of action which seek the identical damages.
(3) The Meghrig Court specifically stated that it did not consider “whether a private party could seek to obtain an injunction requiring another party to pay cleanup costs which arise after an RCRA citizen suit has been properly commenced.” (Supra, at 488 [emphasis supplied].)