**Colleen DONNELLY, Plaintiff,**

v.

**YELLOW FREIGHT SYSTEMS, INC., Defendant.**

**No. 85 C 7195.**

United States District Court, N.D. Illinois, E.D.

March 17, 1988.

Paul L. Salzetta, John J. Henely, Ltd., Chicago, Ill., for plaintiff.

Steven J. Teplinsky, Leonard R. Kofkin, Fagel Haber & Maragos, Chicago, Ill., for defendant.

### MEMORANDUM AND ORDER

MORAN, District Judge.

Magistrate Bucklo, in this action where sex discrimination was conceded, awarded backpay of $27,656.61, prejudgment interest and other relief, together with fees and costs. Defendant objects to the award, contending that it is clearly erroneous to find that plaintiff exercised reasonable diligence in seeking other employment. The magistrate thought it was a close case. This court concurs, but we do not believe that the finding is clearly erroneous or that

---

the award of backpay is an abuse of discretion.

Central to defendant's objections is the view that a plaintiff has an obligation to seek substantially equivalent employment, and that is not quite so. A plaintiff does not have an obligation to seek demeaning, distasteful or inferior employment, but she cannot sit idly by if substantially equivalent employment is readily available, *Sangster v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir.1980). That does not mean, however, that a plaintiff necessarily has failed to mitigate damages because she chooses to set her sights somewhat lower and seeks employment not as remunerative as the position from which she was excluded. The real question is whether a plaintiff has demonstrated a continuing commitment to be a member of the labor force. It is unlikely that defendant would have objected to the award if plaintiff had obtained full-time employment as an inventory-taker and was suing only for the wage differential. That alternate employment is mitigation, and a discriminatory employer cannot use the concept that a plaintiff need not seek a lesser job to penalize one who did.

Defendant's real objection is that plaintiff's efforts to obtain a dockworker position at some other company were modest at best, even though such positions were available, and she did not obtain full-time alternate employment. Plaintiff occasionally checked want ads and occasionally inquired of friends. There were other companies in the locality which employed dockworkers, but she did not directly approach them and she did not use available agency resources.

But those were not the extent of plaintiff's efforts. She called defendant often and, the record indicates, received periodic assurances that she would be hired. Defendant gave her reason to believe that employment with that company was just over the horizon and in the meantime she took a part-time job. Each inquiry demonstrated a commitment to the labor force, each rejection (when defendant was in fact employing) was a separate discrimination, and the encouraging responses provided some justification for not going elsewhere. A plaintiff cannot insist upon a specific position at a specific company. That means that a plaintiff cannot once be rejected, file a charge and sit at home until her charge is resolved. Such, however, were not the circumstances of this case.

We do, however, agree with the defendant in one respect. In one short paragraph the magistrate noted that plaintiff sought prejudgment interest and that such an award is discretionary, and then, without discussion, awarded interest. Once having concluded that plaintiff's diligence "was not great" and that the issue was "close," the magistrate, we believe, should not have awarded prejudgment interest. We otherwise overrule the objections and award basic backpay in the amount of $27,656.61, retroactive seniority from February 8, 1983, $4,800.00 in resulting additional wages, pension contributions of $3,976.00 (plus any penalties or interest required by the Fund), attorney's fees of $21,876.00 and $718.72 in costs.