## YELLOW FREIGHT SYSTEM, INC. *v.* DONNELLY

No. 89–431. Argued February 28, 1990—Decided April 17, 1990

STEVENS, J., delivered the opinion for a unanimous Court.

*Jeffrey Ivan Pasek* argued the cause for petitioner. With him on the brief were *Alan M. Lerner* and *Ronald E. Sandhaus.*

*John J. Henely* argued the cause for respondent. With him on the briefs was *Michael W. Rathsack.**

JUSTICE STEVENS delivered the opinion of the Court.

The question presented is whether federal courts have exclusive jurisdiction over civil actions brought under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. § 2000e *et seq.* (1982 ed.). We recently answered a similar question involving the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U. S. C. §§ 1961–1968. *Tafflin* v. *Levitt,* 493 U. S. 455 (1990). For essentially the reasons set forth in that opinion, we conclude that Congress did not divest the state courts of their concurrent authority to adjudicate federal claims.

I

Respondent is a qualified dock worker. Shortly after moving to Chicago Ridge, Illinois, in 1982, she applied for work at petitioner's facility four blocks from her home. The company had no vacancies, but assured respondent that she would be the first person hired when the situation changed. Petitioner maintained this position in response to respondent's inquiries over the next 1½ years, while it in fact was hiring a number of men. Respondent was hired only after she filed a complaint with the Equal Employment Opportunity Commission (EEOC) in 1984.

On March 15, 1985, the EEOC issued a Notice of Right to Sue. The notice did not identify the forum in which respondent might sue, but it did advise her that she "must do so within ninety (90) days" or that right would be lost. Plaintiff's Exh. B, App. 14. Within the 90-day period, on May 22, 1985, respondent filed a complaint in the Circuit Court of Cook County, Illinois, alleging that petitioner had discrimi-

---

**Robert E. Williams, Douglas S. McDowell,* and *Garen E. Dodge* filed a brief for the Equal Employment Advisory Council as *amicus curiae* urging reversal.

nated against her on the basis of her sex in violation of the Illinois Human Rights Act. Ill. Rev. Stat., ch. 68, ¶1–101 *et seq.* (1987).

Petitioner filed a motion to dismiss on the ground that respondent had not exhausted her state administrative remedies. Respondent countered with a motion to amend her complaint to allege that the facts already pleaded also constituted a violation of Title VII of the Civil Rights Act of 1964. This motion was not filed within the 90-day period. Petitioner removed the case to federal court and moved to dismiss the amended complaint. Petitioner argued that the original filing in the state court could not toll the 90-day limitation period because the state court had no jurisdiction over a Title VII claim.[1] The District Court rejected the jurisdictional argument, App. to Pet. for Cert. A–35 to A–39, and, after a trial on the merits, entered judgment for respondent. 682 F. Supp. 374 (ND Ill. 1988). The Court of Appeals for the Seventh Circuit affirmed. 874 F. 2d 402 (1989). Because other Courts of Appeals have held that federal courts have exclusive jurisdiction over Title VII litigation,[2] we granted certiorari, 493 U. S. 953 (1989).

---

[1] Petitioner also argued that the Title VII claim was untimely because a complaint merely alleging a violation of the state Act could not toll the federal statute of limitations. The District Court and the Court of Appeals rejected that argument, relying on Rule 15(c) of the Federal Rules of Civil Procedure. App. to Pet. for Cert. A–38 to A–39; 874 F. 2d 402, 410–411 (CA7 1989).

[2] See *Bradshaw* v. *General Motors Corp.*, 805 F. 2d 110, 112 (CA3 1986); *Valenzuela* v. *Kraft, Inc.*, 739 F. 2d 434, 435–436 (CA9 1984); *Jones* v. *Intermountain Power Project*, 794 F. 2d 546, 553 (CA10 1986); *Long* v. *Florida*, 805 F. 2d 1542, 1546 (CA11 1986), rev'd on other grounds, 487 U. S. 223 (1988).

The United States has not filed any *amicus curiae* brief with the Court in this case. In 1980 it contended, in a case that did not directly present the question, that federal courts have exclusive jurisdiction over Title VII actions. Brief for United States and EEOC as *Amici Curiae*, O. T. 1980, No. 79–1213, pp. 11–15; *Minnick* v. *California Dept. of Corrections*, 452 U. S. 105, 120, n. 28 (1981) (cert. dism'd as improvidently granted). See

## II

Under our "system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin*, 493 U. S., at 458; see *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U. S. 473, 477–478 (1981); *Claflin* v. *Houseman*, 93 U. S. 130, 136–137 (1876). To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction. *Tafflin*, 493 U. S., at 459–460.

We begin with the text of Title VII itself. The enforcement provisions of Title VII provide that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U. S. C. § 2000e–5(f)(3) (1982 ed.). Unlike a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive,[3] Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction. The omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent.

---

also Brief for EEOC as *Amicus Curiae* in *Pirela* v. *North Aurora*, No. 89–1231 (CA7), pp. 10–14.

[3] The Employee Retirement Income Security Act of 1974—enacted just two years after the extensive amendments to the Civil Rights Act—illustrates this distinction in specifying that "[e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter," but that "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section." 29 U. S. C. § 1132(e)(1); Act of Mar. 24, 1972, Pub. L. 92–261, § 4, 86 Stat. 104. See also statutes cited in *Tafflin* v. *Levitt*, 493 U. S. 455, 471 (1990) (SCALIA, J., concurring).

Petitioner, however, contends that the legislative history of Title VII unmistakably reveals Congress' intention that these claims be brought exclusively in the federal courts, and that certain features of Title VII render concurrent state-court jurisdiction incompatible with federal interests. Petitioner has called our attention to a number of passages in the legislative history indicating that many participants in the complex process that finally produced the law fully expected that all Title VII cases would be tried in federal court.[4] That expectation, even if universally shared, is not an ade-

---

[4] Thus, for example, after it was decided to opt for judicial rather than administrative enforcement of the Act, Congressman McCulloch commented:

"As the Title was originally worded, the Commission would have had authority to not only conduct investigations, but also institute hearing procedures and issue orders of a cease-and-desist nature. A substantial number of committee members, however, preferred that the ultimate determination of discrimination rest with the Federal judiciary. Through this requirement, we believe the settlement of complaints will occur more rapidly and with greater frequency." H. R. Rep. No. 914, 88th Cong., 1st Sess., pt. 2, p. 29 (1963) (additional views).

An Interpretive Memorandum presented to the Senate suggests that the judicial path was presumed to be through the federal courts:

"[T]he party allegedly discriminated against may, with the written permission of one member of the Commission, bring his own suit in Federal court. If he does so, he would conduct the litigation and bear his own costs, just like any other private plaintiff in a civil action.

.          .          .          .          .

"The suit against the respondent, whether brought by the Commission or by the complaining party, would proceed in the usual manner for litigation in the Federal courts. It would be a trial de novo and not, in any sense, a suit for judicial review of a Commission determination." 110 Cong. Rec. 7213 (1964) (Interpretive Memorandum of Title VII of H. R. 7152 submitted jointly by Sen. Clark and Sen. Case).

Of course, if Congress had vested exclusive enforcement authority in a federal administrative agency, presumably only a federal court would have had jurisdiction to review the federal agency's decisions. The authorization of a judicial remedy, however, gave rise to the normal presumption that state as well as federal courts could grant appropriate relief.

quate substitute for a legislative decision to overcome the presumption of concurrent jurisdiction. Like its plain text, the legislative history of the Act affirmatively describes the jurisdiction of the federal courts, but is completely silent on any role of the state courts over Title VII claims.

We do not find any incompatibility between the procedures provided in Title VII and state-court jurisdiction over these claims. Petitioner correctly points out that § 706(c) of the Act requires the EEOC to delay any action on a discrimination charge for at least 60 days to give state or local agencies an opportunity to remedy the allegedly unlawful practice prior to any federal action. 42 U. S. C. § 2000e–5(c) (1982 ed.). Petitioner argues that it is anomalous to contemplate reference to a state agency, followed by review in the federal agency, as a condition of proceeding with litigation in state court. Petitioner's "anomaly," however, is merely a consequence of Title VII's dual-track method of procedure. The first hiatus is designed to give state administrative agencies an opportunity to invoke state rules of law. The action by the EEOC, in contrast, is a predicate for litigation based on the federal statute. When the right to sue under Title VII arises, the fact that both a state agency and the EEOC have failed to resolve the matter does not affect the question of what judicial forum should or may entertain the action. Congress employed a similar scheme in the Age Discrimination in Employment Act of 1967, in which complaints must be screened through both state and federal agencies, although concurrently, before an action may be brought "in any court of competent jurisdiction." 29 U. S. C. §§ 626(c)(1), 633(b). See *Oscar Mayer & Co.* v. *Evans*, 441 U. S. 750 (1979) (§ 14(b) of the ADEA was patterned after § 706(c) of Title VII).

Nor does Title VIII's provision for appeals pursuant to 28 U. S. C. §§ 1291, 1292, and references to injunctive relief and appointment of masters pursuant to Federal Rules of Civil Procedure 65 and 53, preclude concurrent state-court jurisdiction. 42 U. S. C. §§ 2000e–5(j), (f)(2), (f)(5) (1982 ed.).

We rejected a similar argument based on statutory references to procedures applicable to federal courts in *Tafflin*, 493 U. S., at 466–467 (federal venue and service of process in RICO actions), and *Charles Dowd Box Co.* v. *Courtney*, 368 U. S. 502 (1962) (injunctive relief under federal rules in Labor Management Relations Act, 1947, actions).

It may be assumed that federal judges will have more experience in Title VII litigation than state judges. That, however, is merely a factor that the plaintiff may weigh when deciding where to file suit, or that may motivate a defendant to remove a case to federal court. We have no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims. Cf. *Kremer* v. *Chemical Construction Corp.*, 456 U. S. 461 (1982) (state-court decisions may have preclusive effect in Title VII cases before federal courts).

In sum, without disagreeing with petitioner's persuasive showing that most legislators, judges, and administrators who have been involved in the enactment, amendment, enforcement, and interpretation of Title VII expected that such litigation would be processed exclusively in federal courts, we conclude that such anticipation does not overcome the presumption of concurrent jurisdiction that lies at the core of our federal system.

The judgment of the Court of Appeals is affirmed.

*It is so ordered.*