Tyrone K. **HEARN**, Plaintiff,

v.

Thomas K. **TURNAGE**, Administrator
of Veterans Affairs, Defendant.

Civ. A. No. 88–C–723.

United States District Court,
E.D. Wisconsin.

July 12, 1990.

Tyrone K. Hearn, pro se.

Mel S. Johnson, U.S. Attorney's Office, E.D. Wisconsin, Royce E. Smith, Office of Gen. Counsel, Veterans Admin., Washington, D.C., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On April 9, 1990, this court awarded plaintiff Tyrone Hearn ("Hearn") prejudgment interest on the back pay he was entitled to from defendant United States Veterans Administration ("the VA"). This court awarded prejudgment interest because the Seventh Circuit Court of Appeals decision which the VA argued was controlling, *Donnelly v. Yellow Freight System, Inc.*, permitted granting interest. 874 F.2d 402 (7th Cir.1989), *cert. granted in part*, — U.S. ——, 110 S.Ct. 363, 107 L.Ed.2d 349, *aff'd in part on other grounds*, — U.S. ——, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). On April 23, 1990, the VA responded to this court's order by stating that it had incorrectly argued that *Donnelly* was controlling, and that Hearn is not entitled to interest on his back pay award. The VA argues that prejudgment interest is not available because Congress has not waived the United States' sovereign immunity for an award of prejudgment interest in a Title VII action against the VA.

First, *Donnelly* is not controlling in the present case because it applies only to an award of prejudgment interest in a Title VII claim against a private employer. 874 F.2d 402. Second, the United States Supreme Court in *Library of Congress v. Shaw* held:

> In making the Government liable as a defendant under Title VII, Congress effected a waiver of the Government's immunity from suit, and from costs including reasonable attorney's fees. Congress did not waive the Government's traditional immunity from interest.

478 U.S. 310, 323, 106 S.Ct. 2957, 2966, 92 L.Ed.2d 250 (1986). Although the facts of *Shaw* dealt with prejudgment interest on attorney's fees, the Court's holding in *Loeffler v. Frank* solidified the view that the United States is immune from all prejudgment interest awards in a Title VII action unless Congress expressly waives this immunity:

> Thus, the starting point for our analysis was the "no-interest rule," which is to the effect that, absent express consent by Congress, the United States is immune from interest awards.

486 U.S. 549, 108 S.Ct. 1965, 1974, 100 L.Ed.2d 549 (1988). In *Loeffler*, the Court held that the United States Postal Service was liable for prejudgment interest in a

Title VII sex discrimination claim because Congress waived the Postal Service's sovereign immunity in the Postal Reorganization Act by providing the Postal Service with the status of a private commercial enterprise. *Id.* at 1974. Congress, however, has not provided the VA with the status of a private commercial enterprise. Thus, the Court's holding in *Shaw* and *Loeffler* renders the VA immune from an award of prejudgment interest unless Congress has expressly waived this immunity in some other applicable statute.

Hearn argues that Congress has expressly waived the VA's immunity from awards of prejudgment interest on back pay in the Back Pay Act, Title 5 U.S.C. § 5596, which states in pertinent part:

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, . . . .

. . . .

(2)(A) An amount payable under paragraph (1)(A)(i) of this subsection shall be payable with interest.

Although the Back Pay Act definitely renders the VA liable for prejudgment interest on back pay, the critical question is whether or not this Act is applicable to Hearn's Title VII claim that he was denied a promotion because of his race.

Section 5596 states that an employee is entitled to back pay if the federal agency's improper action resulted in the "withdrawal or reduction of all or part of the pay" of the employee. When read literally, this language seems to permit a claim under the Back Pay Act only when the agency withdrew or reduced an employee's pay, not when the agency denies a promotion. Although this court believes that this distinction is somewhat nonsensical, the United States Supreme Court does not. In *United States v. Testan,* the Court considered the breadth of the Back Pay Act and held "that the Back Pay Act, as its words so clearly indicate, was intended to grant a monetary cause of action only to those who were subjected to a reduction in their duly appointed emoluments or position." 424 U.S. 392, 407, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976). In Hearn's case, the agency did not actually "reduce" his pay, but instead failed to increase his pay by not promoting him.

The Court's rigid interpretation of § 5596 also has been followed by those federal district courts which have considered the question. *Predmore v. Allen,* 407 F.Supp. 1067, 1073–74 (D.Md.1976); *McNutt v. Hills,* 426 F.Supp. 990, 1001–02 (D.D.C.1977). In fact, in *Predmore,* where the plaintiff alleged that she was not promoted because of her sex, the district court held that an award of back pay under the Back Pay Act was inappropriate even though the plaintiff was entitled to an award of back pay under Title VII. 407 F.Supp. at 1073–74. The district court wrote:

Predmore has not been "subjected to a reduction in" her "duly appointed emoluments or position". Rather she seeks retroactively the increased compensation of a position of higher grade. Accordingly, an award of back pay pursuant to the provisions of the Back Pay Act is not appropriate in this case.

*Id.* at 1074. Thus, this court finds no way to escape the limited interpretation of the Back Pay Act, and therefore holds that Hearn is not entitled to prejudgment interest on his back pay award.

IT IS THEREFORE ORDERED that paragraph three (3) of this court's April 9,

1990 order is vacated, and plaintiff Tyrone Hearn is not entitled to prejudgment interest on his award of back pay from defendant United States Veterans Administration.