**John BACOT, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES; Cesar A. Perales, in his capacity as Commissioner of the New York State Department of Social Services; Brooke Trent, in her capacity as former Deputy Commissioner for Administration of the New York State Department of Social Services, with responsibility for the Office of Human Resources Development of the New York State Department of Social Services; Robert Donahue, in his capacity as Director of the Office of Human Resources Development of the New York State Department of Social Services; Carol Anne Modena, in her capacity as Bureau Director of the Office of Human Resources Development of the New York State Department of So-**

---

cial Services; and Christine Singer, in her capacity as a Human Resources Development Specialist with the Office of Human Resources Development of the New York State Department of Social Services, Defendants.

88 Civ. 9067 (RPP).

United States District Court, S.D. New York.

Oct. 10, 1990.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City by Kathie Ann Whipple, Asst. Atty. Gen., for defendants.

Cahill Gordon & Reindel, New York City by David S. Douglas, for plaintiff.

## OPINION AND ORDER

ROBERT P. PATTERSON, JR., District Judge.

Defendants New York State Department of Social Services ("DSS"), Cesar A. Perales ("Perales"), Brooke Trent ("Trent"), Robert Donahue ("Donahue"), Carol Anne Modena ("Modena") and Christine Singer ("Singer") bring this motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, based on the pendency of a prior state proceeding. Fed.R.Civ.P. 12(c). In the alternative, defendants move to stay this action pending resolution of the state action filed by this plaintiff in the Supreme Court of the State of New York. For the reasons stated below, the defendants' motion to stay this action will be granted unless the plaintiff shows this Court within twenty days of the filing of this opinion that discovery is not complete, that there are interlocutory appeals pending in the state action which will significantly delay trial in state court or that the state court has decided not to hear plaintiff's cause of action arising under Title VII, including his claim for attorneys' fees.[1]

## BACKGROUND

Plaintiff John Bacot is a black former employee of the Office of Human Resources Development ("OHRD") of the New York State Department of Social Services ("DSS") who filed a complaint on June 10, 1986 with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination at his place of employment on the basis of his race. On June 26,

---

1. Because the Court is granting defendants' motion to stay unless plaintiff files papers showing why the motion would prejudice his access to a forum as stated above, it is unnecessary for the Court to rule on defendants' motion for a protective order, dated April 6, 1990.

1986, plaintiff was told by his supervisors that his employment with OHRD was to be terminated in two weeks. On June 27, 1986, plaintiff filed a second complaint with the EEOC alleging retaliation for his previous action in filing the first complaint. Plaintiff's employment with OHRD ended in July, 1986.

In September, 1988, plaintiff filed suit in the Supreme Court of the State of New York, alleging violations of N.Y. Executive Law § 296 (the "Human Rights Law"). Several days later, plaintiff received a right to sue letter from the EEOC. In December of 1988, plaintiff also filed suit in this Court, alleging violations of Title VII of the Civil Rights Act of 1964, based on the same facts alleged in the state action.

Defendants moved for dismissal of the complaint pursuant to Rule 12(c), or, in the alternative, for a stay of the federal litigation pending resolution of the state action.

## DISCUSSION

No party disputes that the two actions involve identical factual allegations of discrimination, harassment and retaliation. As required by *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Court has balanced the following factors: the need to avoid piecemeal litigation, the ability of the state court to consider Title VII claims and the adequacy of the state forum to protect the plaintiff's rights.

In April, 1990, the Supreme Court held that federal and state courts have concurrent jurisdiction over Title VII cases. *Yellow Freight System, Inc. v. Donnelly,* — U.S. ——, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Accordingly, plaintiff may now press this Title VII claim, including his claim for attorneys' fees, in the action in the New York State Supreme Court, which has been pending for over two years. So that there will be no doubt that this claim should be heard without further delay, the Court will not grant the motion to dismiss this action but will grant the motion for a stay subject to certain conditions.

## CONCLUSION

The defendants' motion to dismiss is denied. Defendants' motion to stay this action will be granted unless the plaintiff shows this Court within twenty days of the filing of this opinion that discovery is not complete, that there are interlocutory appeals pending in the state action which will significantly delay trial in state court or that the state court has decided not to hear plaintiff's cause of action arising under Title VII, including his claim for attorneys' fees.

IT IS SO ORDERED.