RUTH V. KOLODZIEJ *vs.* WARREN SMITH & another.[1]

Hampden. May 5, 1997. - July 21, 1997.

Present (Sitting at Springfield): WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Civil Rights,* Availability of remedy, Termination of employment. *Constitutional Law,* Freedom of religion. *Employment,* Termination, Discrimination.

In an action alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (1988), judgment was correctly entered for the defendants, where the jury found that the employment policy in question did not conflict with the plaintiff's bona fide personal religious beliefs and that the defendants did not discharge or otherwise discriminate against the plaintiff because she refused to comply with a requirement that was contrary to her bona fide personal religious beliefs. [521-522]

CIVIL ACTION commenced in the Superior Court Department on August 17, 1988.

After review by this court, 412 Mass. 215 (1992), the case was tried before *James P. Dohoney,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Wendy Sibbison* for the plaintiff.

*Douglas R. Dagarin* (*Robert G. Caprera* with him) for the defendants.

The following submitted briefs for amici curiae:

*Steven W. Kasten, Doron F. Ezickson, Sally J. Greenberg, Ruth L. Lanser, Steven Freeman & Harlan A. Loeb,* of New York, for the Anti-Defamation League.

*Robert J. Barth,* of Illinois, & *Robert G. Caprera,* for the Institute in Basic Life Principles, Inc.

O'CONNOR, J. This case is before us for the second time. The plaintiff brought an action against the defendants, Electro-Term, Inc., and its president, Warren Smith, after she was punished for

[1]Electro-Term, Inc.

refusing to attend a company-mandated seminar. The defendants were granted directed verdicts and Kolodziej appealed. This court affirmed the judgment for the defendants, *Kolodziej* v. *Smith,* 412 Mass. 215 (1992) (*Kolodziej I*), but, in light of a then recent decision by the United States Supreme Court, *Yellow Freight Sys., Inc.* v. *Donnelly,* 494 U.S. 820, 825 (1990), holding that State courts may adjudicate claims brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (1988) (Title VII), we remanded the case to give Kolodziej an opportunity to amend her complaint to include that Federal claim. *Kolodziej I, supra* at 222-223.

Kolodziej's amended complaint, which was based on the same underlying facts as her initial complaint, alleged religious discrimination in violation of Title VII. The case was tried to a jury in the Superior Court. Ten written questions, agreed on by the parties, were submitted to the jury. The first four questions and the jury's answers were as follows:

"1. Did the Defendants require Plaintiff to attend a 'devotional service'? A. Yes _X_ No __.

"2. Did the attendance at the seminar conflict with the Plaintiff's bona fide personal religious beliefs? A. Yes __ No _X_.

"If the answers to *both* question no. 1 and question no. 2 are 'NO', please date and sign the form. If the answer to either question no. 1 or question no. 2 is 'YES', please continue.

"3. Did the Plaintiff give notice to the Defendants that attendance at the seminar conflicted with her bona fide personal religious beliefs?

"If the answer is 'NO', please date and sign this form. If the answer is 'YES', please continue. A. Yes _X_ No __.

"4. Did the Defendants discharge or otherwise discriminate against the Plaintiff because she refused to comply with a requirement that was contrary to her bona fide personal religious beliefs? A. Yes __ No _X_.

"If the answer is 'NO', please date and sign this form. If the answer is 'YES', please continue."

In light of the jury's answer to question 4, the jury did not answer questions 5 through 10. Judgment for the defendants was entered in the Superior Court. Kolodziej appealed and we granted her application for direct appellate review. We now affirm that judgment.

In *Kolodziej I, supra* at 217, we stated:

> "The jury would have been warranted in finding the following facts. Electro-Term, Inc., manufactures and sells electrical connectors. Begun in 1976 by the defendant Smith, the company considers itself a 'Christian company.' It espouses Christian principles and offers a weekly Bible reading session to employees at which attendance is voluntary. In 1988, when the plaintiff's legal action was commenced, Electro-Term, Inc., employed approximately forty-one people. The plaintiff, a Roman Catholic, was initially hired as a temporary employee by the company in August, 1987. In October, 1987, she was hired permanently and promoted to the position of controller, a management position. At all times she was an employee at will.
>
> "Smith considered it very beneficial for the company's employees annually to attend a week-long seminar put on by the Institute in Basic Life Principles entitled 'Institute in Basic Youth Conflicts.' Attendance was mandatory for management level employees. The seminar offered instruction in several areas including the resolution of conflicts in interpersonal relationships, dealing with anger, and responding to authority. The seminar was nondenominational, but it used references to Scriptural texts to reinforce and illustrate its teachings."

At retrial, the jury would have been warranted in finding the same facts. In addition, at the retrial, the plaintiff, by her own testimony, presented the following evidence:

*Q.*: "Mrs. Kolodziej, when you went to the seminar on July 13 and 14, how did the seminar open?"

*A.*: "Started with a prayer."

*Q.*: "How did it close?"

*A.*: "Ended with a prayer."

*Q.*: "Were there any hymns sung during the course of the seminar?"

*A.*: "Yes, there were."

*Q.*: "Do you remember any of them?"

*A.*: "No, they're not familiar to me."

*Q.*: "Were they familiar at the time?"

*A.*: "Nothing I ever heard before."

As the trial judge observed in his memorandum of decision regarding the plaintiff's motion to amend the judgment or in the alternative grant a new trial, the evidence was "very scanty" on the issue whether the seminar constituted a devotional service and was "basically limited to statements that there was an opening prayer and possibly a closing prayer and hymns. There [was] no evidence as to the extent, duration, or content of the prayer." The judge concluded that Kolodziej had "failed . . . to show that any change in the evidence from the first trial [was] sufficient to make this seminar a devotional service."

The plaintiff testified at the second trial that certain aspects of the seminar's second day of teaching offended her. Specifically, she objected to a portion of the seminar that day which employed an illustrated diagram portraying God's "plan" for the family. In the diagram, God was depicted at the top with man below God and woman below man. Scriptural texts were referenced in support of this "plan." The following day, Kolodziej informed Smith that she did not wish to continue to attend the seminar. Kolodziej testified, as did the defendant Smith, that at first Kolodziej told Smith that she could not understand how the seminar related to her work, and that she was needed at home to take care of her granddaughter and her ailing mother. Kolodziej also testified to having told Smith that the seminar's contents were contrary to her religious belief. Smith informed Kolodziej that if she did not attend the seminar she could not be a manager in his company but could retain employment in a nonmanagerial position. Kolodziej refused further to attend the seminar, was immediately relieved of her management responsibilities and consequently walked off the job.

Since the appeal before us concerns only a claim of religious

discrimination under Title VII, our analysis is governed by Federal law. Title VII forbids an employer "to . . . discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). In order to establish a prima facie case of workplace religious discrimination under Title VII, a plaintiff must prove that (1) a bona fide religious belief of the employee conflicted with an employment policy; (2) the employee informed the employer of the conflict; and (3) the employee was penalized in some way because of the conflict. *Ansonia Bd. of Educ.* v. *Philbrook,* 479 U.S. 60, 65-66 (1986).

The judge instructed the jury as follows: "Now, religious beliefs include moral or ethical beliefs as to what is right or wrong which are sincerely held with the strength of religious views." The instruction comports with relevant law. See *Welsh* v. *United States,* 398 U.S. 333 (1970); *United States* v. *Seeger,* 380 U.S. 163 (1965).

In response to the second and fourth written questions put to them, the jury found that attendance at the seminar did not conflict with the plaintiff's bona fide personal religious beliefs and that the defendants did not discharge or otherwise discriminate against the plaintiff because she refused to comply with a requirement that was contrary to her bona fide personal religious beliefs. Thus, regardless of whether the jury were warranted in finding that the defendants required Kolodziej to attend a "devotional service," a matter we need not decide, Kolodziej has failed to prove her case. See *Ansonia Bd. of Educ.* v. *Philbrook, supra* at 65-66.

*Judgment affirmed.*