[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND
At the hearing on the motion for summary judgment in the above referenced matter, the plaintiff filed a request for leave to amend her complaint by adding a fifth count alleging that the facts alleged in the first count also constitute violations of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-3
(a). The significance of the request is that although the plaintiff did not receive a release to sue from CHRO, she did receive a Notice of Right to Sue under Title VII from the Federal Equal Employment Opportunity Commission. She therefore claims that even if her right to sue under state law is foreclosed her failure to exhaust the remedies available to her through CHRO, she did exhaust her federal law remedies and has received authorization to bring a lawsuit under the provisions of Title VII.
The Notice of Right to Sue which the plaintiff received, however, is limited by its own terms to actions filed in United States District Court. It also requires that the Title VII action be brought within ninety days of its receipt. Although the instant action was filed within ninety days of her receipt of the Notice, the attempt to assert a cause of action under Title VII was notice undertaken until more than a year after the notice was received.
State courts do have concurrent jurisdiction to enforce rights under Title VII. Yellow Freight System, Inc. v. Donnelly,494 U.S. 820 (1990). In Yellow Freight, however, the notice issued by the Equal Employment Opportunities Commission ("EEOC") did not identify the forum in which the plaintiff might sue. In this case, the documents submitted by plaintiff show that following the plaintiff's filing of her complaint with CHRO, that agency sent EEOC a copy of her complaint. Although EEOC delegated its investigation of the complaint to CHRO, EEOC issued its own notice of right to sue based on that investigation. That notice, however, specifically designated the United States District Court as the forum in which the plaintiff was authorized the plaintiff CT Page 9278 to bring her action.
There are at least three levels of inquiry that will need to be resolved before it may be determined whether the proposed amendment can survive. The first is whether, given the fact that it was filed at the antepenultimate moment, when the granting of a motion for summary judgment as to the only remaining counts of the original complaint appeared imminent, the amendment should be allowed at all. The second is whether the plaintiff is viewed has having survived the ninety day limitation contained in the EEOC notice by having brought her state court action employment discrimination action, albeit minus the allegation of a Title VII violation within that time period. The third is whether the EEOC's designation of the forum in which the plaintiff may sue prevents her from bringing an action in the state court.
As to the first issue, our rules represent a liberal policy toward the amendment of complaints, and courts should be especially cautious about denying requests for leave to amend where, as in this case, denial would be tantamount to judgment for the defendant.[1] The defendant is not prejudiced by the amendment, and leave to amend should therefore be granted.
The parties have made only brief references to the second and third issues, and since those issues implicate questions of jurisdiction and whether the proposed amendment states a claim upon which relief may be granted as a matter of law, the determination of those issues should be deterred until a motion directly raising these issues is presented to the court.
For the foregoing reasons, plaintiff's motion for leave to amend is granted, without prejudice, of course, to the defendant's right to file any appropriate pleading attacking the validity of the claim which the new fifth count purports to assert.
Jonathan E. Silbert, Judge