GARTH, Circuit Judge,
dissenting:
There is only one issue in this appeal of true significance. Indeed, it has presented us with an issue of first impression in this Court: whether the individual states have the authority, i.e., concurrent jurisdiction with the federal courts, to regulate pollution of the lands and property within and comprising the state.
The majority opinion in this case proclaims that only the federal courts have jurisdiction to hear Resource Conservation and Recovery Act (RCRA) cases affecting the property and lands of the sovereign states and that the states have no jurisdiction to entertain such cases.[1]
*400 On this basis, the majority has reversed the District Court’s order dismissing Lit-go’s RCRA claim. The District Court held that Litgo had been obliged to bring that claim in New Jersey’s Superior Court, where it had previously brought suit against the Sanzari defendants.[2]
The majority opinion reaches its conclusion notwithstanding the fact that there is nothing in the text, intent, history, or purpose of RCRA indicating that Congress affirmatively prohibited the states from hearing and deciding cases brought pursuant to RCRA. The majority in its opinion has accordingly defied enduring Supreme Court precedents that go as far back as 1876. See, e.g., Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833 (1876); Tafflin v. Levitt, 493 U.S. 455, 459, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). Those precedents hold that state courts have the same jurisdiction over claims involving federal law as federal courts do, unless Congress affirmatively and explicitly states otherwise. Congress has not stated otherwise in enacting RCRA.
By failing to give proper weight to the forceful presumption that state courts may exercise jurisdiction over federal-law claims, the majority opinion also undermines the well established primacy of a state in protecting and regulating its own property and ground. Adopting the majority’s approach “would result in a significant impingement of the States’ traditional and primary power over land and water use,” Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers, 531 U.S. 159, 174, 121 S.Ct. 675, 148 L.Ed.2d 576 (2001), thus disrupting the balance of state and federal regulation over state, county, and local pollution that both Congress and the Supreme Court have recognized and respected.
*401 I am therefore obliged to dissent from the jurisdictional holding of the majority. I would hold that RCRA provides concurrent jurisdiction to both state and federal courts in this area of “quintessential state and local power.” Rapemos v. United States, 547 U.S. 715, 738, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006). I would therefore affirm the order of the District Court in having so held.[3]
I

Presumption in favor of concurrent jurisdiction

I begin by highlighting the core principles that must guide analysis of this issue. The Supreme Court has long abided by the “general rule that the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive.” United States v. Bank of New York & Trust Co., 296 U.S. 463, 479, 56 S.Ct. 343, 80 L.Ed. 331 (1936). As the Supreme Court has further emphasized, there is in our federalism a “deeply rooted presumption in favor of concurrent state court jurisdiction.” Tafflin, 493 U.S. at 459, 110 S.Ct. 792. This presumption, which the majority recognizes but refuses to follow, is subject to rebuttal only “if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim.... ‘by an explicit statutory directive, by unmistakable implication from legislative history, or by a clear incompatibility between state-court jurisdiction and federal interests.’ ” Id. at 459-60, 110 S.Ct. 792 (emphasis added) (quoting Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 478, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981)).
As Justice Stevens explained for a unanimous court in Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990): “Under our ‘system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.’ ” Id. at 823, 110 S.Ct. 1566 (quoting Tafflin, 493 U.S. at 458, 110 S.Ct. 792). The Court looked at Claflin v. Houseman, 93 U.S. 130, 23 L.Ed. 833 (1876) (involving the Bankruptcy Act of March 2, 1867) and Gulf Offshore v. Mobil Oil Corp., 453 U.S. 473, 101 S.Ct. 2870 (involving the Outer Continental Shelflands Act, 43 U.S.C. § 1333), thus illustrating the traditional, generational, and historical context of concurrent jurisdiction.
The Court went on to say: “to give Federal Courts exclusive jurisdiction over a Federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest State Courts of their presumptive concurrent jurisdiction.” Yellow Freight, 494 U.S. at 823, 110 S.Ct. 1566 (emphasis added).
In Yellow Freight, the Court was called upon to apply these principles, in the context of Title VII. The plaintiff had complained about discrimination in the action brought in the state court. Her claim was removed to the federal court, and when the Court of Appeals for the Seventh Circuit held that there was exclusive jurisdiction over the Title VII litigation, the Supreme Court granted certiorari. In referring to the text of Title VII, the Court noted that Title VII had been enacted with the provision that:
*402 “[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.” 42 U.S.C. § 20006-5(0(3) (1982 ed.).
Yellow Freight, 494 U.S. at 823, 110 S.Ct. 1566. The Court held that this language, notwithstanding its use of the purportedly mandatory term “shall,” contained no language that expressly confined jurisdiction to federal courts. Nor did this “shall” language operate to oust the state courts of their presumptive jurisdiction. In so holding, the Court noted that “omission of any such provision [that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction] is strong, and arguably sufficient, evidence that Congress had no such intent” to confer exclusive jurisdiction on the federal courts. Id.
To reiterate, the Court went on to emphasize that “[t]o give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction.” Yellow Freight, 494 U.S. at 823, 110 S.Ct. 1566 (emphasis added). Absent such an affirmative divestment, the Court concluded, even a “persuasive showing that most legislators, judges, and administrators who have been involved in the enactment, amendment, enforcement, and interpretation of Title VII expected that such litigation would be processed exclusively in federal courts” was inadequate to support exclusive jurisdiction, as “such anticipation does not overcome the presumption of concurrent jurisdiction that lies at the core of our federal system.” Id. at 826, 110 S.Ct. 1566.
II

Concurrent Jurisdiction in RCRA

In enacting RCRA, Congress acknowledged “the collection and disposal of solid wastes ... to be primarily the function of State, regional, and local agencies....” 42 U.S.C. § 6901(a)(4). The provision of RCRA directly at issue in this case states that “[a]ny action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur.” 42 U.S.C. § 6972(a). Notably, this language plainly does not include the talismanic term “exclusive jurisdiction,” as does, for example, CERCLA, 42 U.S.C. § 9613(b),[4] as well as other statutes conferring exclusive jurisdiction.[5] As these statutes make clear, *403 Congress is perfectly capable of clearly indicating when it intends to oust states of their presumptive jurisdiction.
Absent a clearer grant of exclusive jurisdiction, the text of the RCRA cannot be properly read to oust states of their presumptive jurisdiction. As the Sixth Circuit held in Davis v. Sun Oil Co., 148 F.3d 606 (6th Cir.1998), “the term ‘shall’ as it is used in [RCRA] does not affirmatively divest the state court’s of their presumptive jurisdiction.... [T]he ‘shall’ language in the RCRA enforcement provision does not grant exclusive jurisdiction to the federal courts.... ” Id. at 612 (emphases added).
In determining, contra Davis, that RCRA confers exclusive jurisdiction on the federal courts, the majority opinion emphasizes that “[t]he overwhelming majority of courts that have addressed this issue have read this provision to confer exclusive jurisdiction on federal courts, based on the statute’s instruction that RCRA claims ‘shall’ be brought in a ‘district court.’ ” Maj. Op. at 394. This position rests on two fatally flawed foundational arguments: first, that there is weighty and persuasive judicial authority on this subject, and second, that the phrase “shall be brought in ... district court” represents a textual grant of exclusive jurisdiction.
“The overwhelming majority of courts ”
Of the eight eases cited by the majority for the proposition that there is consensus on this issue, the majority has mustered only a single opinion from a Court of Appeals, Blue Legs v. U.S. Bureau of Indian Affairs, 867 F.2d 1094 (8th Cir.1989). Blue Legs, an Eighth Circuit Court of Appeals opinion, involves Indian tribes and lands rather than the states and state lands. The opinion limits its discussion to just these two sentences:
Our examination of the RCRA leads us to conclude that exhaustion of tribal remedies is not required in this case.
The RCRA places exclusive jurisdiction in federal courts for suits brought pursuant to section 6972(a)(1) of the Resource Conservation and Recovery Act. Any action under paragraph (a)(1) of this subsection [as this case is] shall be brought in the district court for the district in which the alleged violation occurred.
42 U.S.C. § 6972(a). Accord Middlesex County Board of [Union] [Chosen] Freeholders v. New Jersey, 645 F.Supp. 715, 719-20 (D.N.J.1986).
Blue Legs, 867 F.2d 1094 (8th Cir.1989).
The overwhelming majority of District Courts cited by the majority opinion as overwhelming authority at best echo Blue Legs ’ two-sentence decision. Just as Blue Legs provided no careful, thoughtful and meaningful analysis, the District Courts which echo Blue Legs provide none either.
I thus do not regard Blue Legs ’ discussion of jurisdiction, nor the District Courts’ discussions which follow Blue Legs ’ two-sentence discussion of jurisdiction, to be authoritative'—and certainly they are not binding in the area of federal/state jurisdiction.

Venue: the “may”—“shall” distinction

The substantive textual argument advanced by the majority is unconvincing because it fails to appreciate that RCRA’s requirement that actions “shall be brought *404 in the district court for the district in which the alleged violation occurred” imposes a venue restriction that applies only if a litigant chooses to file in federal court rather than a jurisdictional requirement that a litigant must file in federal court. As noted in Christopher S. Elmendorf, State Courts, Citizen Suits, and the Enforcement of Federal Environmental Law by Non-Article III Plaintiffs, 110 Yale L.J. 1003, 1017 (2001):
One could read RCRA’s mandate that citizen suits “shall be brought in the district court for the district in which the alleged violation occurred” as operating subsequent to the decision to bring a claim in state or federal court. Once you have chosen a judicial system, then you must bring your claims in the district court for the judicial district in which the alleged violation occurred, (footnote omitted.)
Examining the provision of RCRA at issue reveals that it concerns venue rather than jurisdiction. First, RCRA, § 6972(a), has an express jurisdictional statement. It provides: “The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties.... ” Had Congress intended to confer exclusive jurisdiction, it could very naturally and easily have specified that “the district court shall have exclusive jurisdiction,” as it has done in other statutes, including CERCLA. (See notes 4 and 5, supra.) Instead, Congress has set out a facially nonrestrictive jurisdictional provision, thus leaving undisturbed the presumption of concurrent state court jurisdiction.
Second, RCRA does not consistently use the term “shall” when dictating the procedures for filing a citizen complaint. The text immediately following the language at issue, which relates to suits brought against the administrator of the Environmental Protection Agency for failing to perform a non-discretionary action, provides: “Any action brought under paragraph (a)(2) of this subsection may be, brought in the district court for the district in which the alleged violation occurred or in the District Court of the District of Columbia.” § 6972(a) (emphasis added).
As the Supreme Court has recently made clear, permissive formulations of this sort cannot overcome the presumption of concurrent jurisdiction. Mims v. Arrow Fin. Services, LLC, — U.S. -, 132 S.Ct. 740, 749, 181 L.Ed.2d 881 (2012) (“Nothing in the permissive language of [the Telephone Consumer Protection Act, 47 U.S.C.] § 227(b)(3) [providing that “A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State”] makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims.”).
It cannot be that Congress intended the terms “shall” and “may” as variously used in RCRA, § 6972(a), to implicitly permit suits against the EPA in state court while still insisting on exclusive federal jurisdiction over suits against private polluters. Rather, the “may/shall” distinction obviously refers to the lesser venue requirements applicable to suits against the EPA as opposed to than the more restrictive requirement that suits against individual polluters be brought where the pollution occurred.
Third, where Congress has elsewhere used the formulation “shall be brought in the district court for the district in which the alleged violation occurred,” it has done so in provisions expressly concerned with *405 venue.[6]
The majority has thus erroneously decided that Congress has used a statutory formulation for venue to override and trump the Supreme Court’s instruction and precedent that both state and federal jurisdiction are available under RCRA. Congress in § 6972(a) of RCRA, however, has simply dictated which federal district courts have venue over RCRA claims and has said nothing impinging upon, affecting, or eliminating concurrent state jurisdiction.
IV

Pollution regulation—primary state junction

There is, moreover, no incompatibility between RCRA and state jurisdiction. Quite to the contrary! When one considers the very subject of RCRA, it is all too evident that the individual states, each of which is defined by property borders, have the primary interest and concern in protecting and shielding their own sovereign lands. RCRA recognizes that “the collection and disposal of solid wastes should continue to be primarily the function of State, regional, and local agencies.42 U.S.C. § 6901(a)(4). The important state interest in land, moreover, cannot rest at the mercy of federal whim or be restricted just to the federal courts for remediation. As the Supreme Court has said, in describing the limits of federal jurisdiction:
Permitting [the U.S. Army Corps of Engineers] to claim federal jurisdiction over ponds and mudflats falling within the “Migratory Bird Rule” would result in a significant impingement of the States’ traditional and primary power over land and water use. See, e.g., Hess v. Port Authority Trans-Hudson Corporation, 513 U.S. 30, 44, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (“[Regulation of land use [is] a function traditionally performed by local governments”). Rather than expressing a desire to readjust the federal-state balance in this manner, Congress chose to “recognize, preserve, and protect the primary responsibilities and rights of States ... to plan the development and use ... of land and water resources:...” 33 U.S.C. § 1251(b).
Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Engineers, 531 U.S. at 174, 121 S.Ct. 675 (emphasis added).
For the same reasons that federal authority cannot excessively intrude on local regulation of land and water, it is essential (absent an express Congressional declaration otherwise) that the states should, through their own courts, be able to enforce the laws governing pollution of their land, even when the source of the law is federal.
*406 V

Conclusion

I am compelled to part company with my colleagues in the majority because they have failed to adhere to Supreme Court precedent interpreting Congress’ legislation. As I have pointed out, since at least 1867 the Supreme Court has required federal courts to recognize dual jurisdiction in matters such as RCRA. The majority here has not.
Instead of respecting our “system of dual sovereignty,” which requires that state courts have inherent authority and are thus presumptively competent to adjudicate claims under the laws of the United States, the majority has ignored this principle and thus defied Supreme Court precedent. See Tafflin, 493 U.S. at 458, 110 S.Ct. 792 (“Under this system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.”). Instead, the majority opinion, as I have pointed out, has followed the unanalytic path of the solitary Court of Appeals which has held that federal courts have exclusive RCRA jurisdiction. Only the District Courts have adopted this position, following the Eighth Circuit opinion of Blue Legs without any additional persuasive analysis.
The opinions of the District Courts do not follow Supreme Court precedent or employ logic in denying RCRA state court jurisdiction. Rather, they have cited to the Blue Legs position and to one another in superficial treatment of their respective jurisdictional conclusions. Sadly and unfortunately, the majority opinion has followed suit. Accordingly, just as with the opinions it has cited, the majority opinion lacks authoritative precedential analysis and statutory interpretation. The majority opinion, and the courts it has looked to, have thus failed to take into consideration the traditional, generational, and historical principles and precedents of concurrent jurisdiction.
It is for that reason that I must dissent. I cannot join the majority opinion, which has remanded this case to the District Court again—a case which originated in actions taken in the 1940s. Respectfully, therefore, I would adhere to Supreme Court teaching and precedent and hold for the first time in this Court that New Jersey has concurrent jurisdiction in RCRA cases with the federal courts.
In so doing, I would affirm all of the District Court’s present judgment in all particulars, with the exception of CERCLA prejudgment interest. See note 3, supra.

. The relevant text of the Resource Conservation and Recovery Act of 1976, as amended by the Hazardous and Solid Waste Amendments of 1985 (RCRA), 42 U.S.C. § 6901 et seq., provides:
Any action under paragraph (a)(1) of this subsection shall be brought in the district court for the district in which the alleged violation occurred or the alleged endangerment may occur. Any action brought un *400 der paragraph (a)(2) of this subsection may be brought in the district court for the district in which the alleged violation occurred or in the District Court of the District of Columbia. The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce the permit, standard, regulation, condition, requirement, prohibition, or order, referred to in paragraph (1)(A), to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such other action as may be necessary, or both, or to order the Administrator to perform the act or duty referred to in paragraph (2), as the case may be, and to apply any appropriate civil penalties under section 6928(a) and (g) of this title.
42 U.S.C. § 6972(a).

. The issue of concurrent jurisdiction—i.e. whether the respective states’ courts have authority to regulate and control pollution within their own state—arises because Litgo, the plaintiff, and the Sanzari defendants previously litigated similar issues in New Jersey state court, and at no time during this previous litigation did Litgo raise a claim under RCRA.
New Jersey has adopted an “Entire Controversy Doctrine’’ which "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court.” Cogdell by Cogdell v. Hosp. Ctr. at Orange, 116 N.J. 7, 15, 560 A.2d 1169 (1989). The Entire Controversy Doctrine has been codified to provide that “[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine .... ” New Jersey Court Rule 4:30A.
As this court has recognized, "[a] federal court hearing a federal cause of action is bound by New Jersey’s Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994).” Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir.1997). There is no dispute that, if New Jersey may exercise concurrent jurisdiction over RCRA claims, Litgo’s failure to raise this claim in the previous New Jersey court litigation precludes it from litigating this issue anew in the present case.

. I agree with, the balance of the majority's opinion and thus would affirm all of the District Court's comprehensive and well reasoned opinion other than its decision on prejudgment interest. The District Court denied CERCLA prejudgment interest to Litgo when it should have granted it because CERCLA § 107(a) mandates that interest be paid. Hence we are obliged to reverse and remand for calculation of prejudgment interest.

. CERCLA, 42 U.S.C. § 9613(b) (“Except as provided in subsections (a) and (h) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy. Venue shall lie in any district in which the release or damages occurred, or in which the defendant resides, may be found, or has his principal office.”) (emphases added).

. For example, 15 U.S.C. § 78aa, concerning violations of rules governing securities exchanges, provides: “The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.” (emphasis added.)
Similarly, 16 U.S.C. § 2440, concerning the Antarctic Marine Living Resources Convention, provides: "The district courts of the United States shall have exclusive jurisdiction over any case or controversy arising under the provisions of this chapter or of any regulation promulgated under this chapter.” (emphasis added.)
*403 Likewise, 28 U.S.C. § 1338(a), pertaining to patents and other intellectual property, states: “The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Mo State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.” (emphasis added.)

. CERCLA, 42 U.S.C. § 9659(b), for example, contains a provision concerning citizen suits that provides:
Venue
(1) Actions under subsection (a)(1)
Any action under subsection (a)(1) of this section shall be brought in the district court for the district in which the alleged violation occurred.
(2) Actions under subsection (a)(2)
Any action brought under subsection (a)(2) of this section may be brought in the United States District Court for the District of Columbia.
Similarly, 42 U.S.C. § 11046(b) provides: Venue
(1) Any action under subsection (a) of this section against an owner or operator of a facility shall be brought in the district court for the district in which the alleged violation occurred.
(2) Any action under subsection (a) of this section against the Administrator may be brought in the United States District Court for the District of Columbia.