Stevenson v. Bank of Am., N.A.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

———————————————————————

Anthony Stevenson,

> *Plaintiff-Appellant*,

Deloise Green-Stevenson, AKA Deloise Green,

> *Plaintiff-Counter-Defendant-Appellant,*

> > v.

Bank of America, N.A., *et al.*,

> *Defendants-Appellees*,

EAM Land Services, Inc.,

> *Defendant-Counter-Claimant*,

Brian T. Moynihan, *et al.*,

> *Defendants*.

14-263

For Appellants:                              Anthony Stevenson and Deloise Green-Stevenson, Pro se, Brooklyn, NY.

For Appellees:                              Susan M. Berger (Chris M. Larocco *on the brief*), Bryan Cave LLP, New York, NY *for Bank of America, N.A. et al*.

Steven S. Rand, Zeicher Ellman & Krause LLP, New York, NY *for Quicken Loans, Inc*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motions to supplement the record, to vacate the judgment, for recusal, and to reject Appellees' oppositions are **DENIED**.

Appellants Anthony Stevenson and Deloise Green-Stevenson, proceeding pro se, appeal the district court's judgment dismissing their complaint and granting summary judgment in favor of Appellees. Also before the court are Appellants' renewed motion to supplement the record, their motion to vacate the district court's judgment and for recusal of the district court judge and magistrate judge, and their motion to reject Appellees' papers filed in opposition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

Appellants raise several challenges to the dismissal of their complaint on summary judgment. Even after considering the records that Appellants seek to reintroduce on appeal, most of these contentions are meritless and none of them warrant reversal. Accordingly, we decline to alter our prior order granting supplementation of the record on appeal, and we deny as moot Appellants' second motion to supplement the record.

We affirm the district court's order granting summary judgment for substantially the same reasons stated in its opinion, with one exception. The district court erred in dismissing their claim against Appellee Quicken Loans, Inc. ("Quicken") under the Securities Act of 1934 on the basis of res judicata. The federal courts have exclusive jurisdiction over such claims, and it could not have been brought in the prior state court action. *See* 15 U.S.C. § 78aa. That claim fails nevertheless because Appellants' complaint did not allege that they had purchased or sold securities. *See Pross v. Katz*, 784 F.2d 455, 457 (2d Cir. 1986) ("To violate the anti-fraud provisions of the federal securities laws, the fraud must be either in connection with the purchase or sale of a security or in the offer or sale of a security."); *see also Sudler v. City of New York*, 689 F.3d 159, 168 (2d Cir. 2012) ("We may affirm on any ground supported by the record."). The other federal claims asserted against Quicken were properly dismissed on res judicata grounds because the New York State Supreme Court had concurrent jurisdiction with the federal courts to hear those claims. The statutes under which those other claims arise either affirmatively give

3

state courts the authority to hear those claims or fail to "affirmatively divest state courts of their presumptively concurrent jurisdiction." *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990).

Appellants challenge the district court's denial of reconsideration. We lack jurisdiction, however, to review that order because Appellants filed their notice of appeal before the district court had entered its order disposing of the motion for reconsideration. *See* Fed. R. App. P. 4(a)(4)(B)(ii). Because Appellants' motion to vacate the judgment challenged only the district court's denial of reconsideration, we also deny that motion.

Appellants argue, in their brief and motion for recusal, that the district judge and magistrate judge should have recused themselves sua sponte on the grounds that their adverse rulings exhibited bias and that the judges engaged in ex parte communications with Appellees during an on-the-record hearing at which Appellants failed to appear. These arguments are meritless. Without more, an adverse ruling does not support a claim for recusal, *see United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976) ("Adverse rulings, standing alone, do not establish judicial bias or prejudice . . . nor create a reasonable question of judicial impartiality."), and the on-the-record hearing, of which Appellants had notice and neglected to attend, does not constitute an improper ex parte contact. Appellants' recusal motion is denied.

Appellees filed oppositions to Appellants' motions for vacatur and recusal. Appellants asked this court to reject those oppositions. We decline to do so. Appellants raise no arguments in this regard that we have not already addressed.

We have considered all of Appellants' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court and **DENY** the motions to supplement the record, to vacate the judgment, for recusal, and to reject Appellees' oppositions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk