Anthony D. HAYES, Plaintiff–Appellant,

v.

The CITY OF MEMPHIS, et al., Defendants–Appellees.

No. 03–6119.

United States Court of Appeals, Sixth Circuit.

Decided Aug. 9, 2004.

Rehearing Denied Sept. 10, 2004.

Anthony D. Hayes, Memphis, TN, pro se.

Robert D. Meyers, Kiesewetter, Wise, Kaplan, Schwimmer & Prather, Memphis, TN, for Defendant–Appellee.

Before: KENNEDY, SUTTON, and COOK, Circuit Judges.

## ORDER

Anthony D. Hayes, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 and 3; 42 U.S.C. §§ 1981, 1985, and 1986; the Equal Pay Act, 29 U.S.C. § 209(d)(1); the Americans with Disabilities Act, 42 U.S.C. § 12112(a); and the Fair Labor Standards Act, 29 U.S.C. § 201. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 27, 2000, Hayes filed a complaint against the City of Memphis, Tennessee ("City"), Memphis Mayor W.W. Herenton, and the Memphis Police Department. Hayes alleges that on January 20, 1999, he and the City executed a Mutu-

al General Release and Settlement Agreement in order to resolve pending litigation between them. However, Hayes alleges that the City subsequently breached a provision of the settlement agreement, which required the City to provide a neutral reference to Hayes's prospective employers. Hayes alleges that he applied for several jobs, but was not selected for employment due to the City's failure to abide by the neutral reference provision of the settlement agreement. Hayes seeks re-employment with the City in his former law enforcement position, monetary damages, compensation for an on-the-job injury he suffered during his previous employment with the City, injunctive relief, and declaratory relief.

The district court dismissed Hayes's complaint for frivolity and lack of jurisdiction. On appeal, this court reversed the district court's judgment and remanded the case to the district court for further proceedings. Thereafter, Hayes and the City filed motions for summary judgment. The district court denied Hayes's motion and granted in part and denied in part the City's motion. Specifically, the district court granted the City's motion as to all of Hayes's claims except his claim that the City retaliated against him by failing to provide the Shelby County Sheriff's Department with a neutral reference.

On April 17, 2003, the City filed a motion for summary judgment on the remaining retaliation claim. On July 7, 2003, Hayes filed his response to the City's motion for summary judgment, which also included his own summary judgment motion. The City filed a reply on July 18, 2003. The district court granted judgment in favor of the City. This appeal followed.

We review the district court's judgment de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Upon review, we conclude that the district court properly determined that Hayes's retaliation claim regarding the Southaven Police Department is barred by the doctrine of res judicata. Under the doctrine of res judicata, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. *See Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.,* 126 F.3d 849, 852 (6th Cir. 1997). Res judicata is established with four elements: 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997).

A review of the record reflects that these four elements have been met in this case. First, Hayes previously brought a claim in Tennessee state court concerning the defendant's failure to provide a neutral reference to the Southaven Police Department. The state court reached a final judgment in favor of the City of Memphis. Second, the City of Memphis was a party

in the state court action. Third, Tennessee courts have concurrent jurisdiction over claims alleging violations of the federal civil rights act. *See Yellow Freight Sys., Inc. v. Donnelly,* 494 U.S. 820, 821, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990); *Heyliger,* 126 F.3d at 854. Therefore, the Tennessee state court was capable of hearing Hayes's federal claims and the third element of claim preclusion is satisfied. Likewise, there is an identity of the causes of action. *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 484 (6th Cir.1992). Hayes sues the City of Memphis in federal court for violations of Title VII, 42 U.S.C. §§ 1981, 1985(3), and 1986, relying on the same set of operative facts concerning the reference given to the Southaven Police Department. Hayes had a full and fair opportunity to litigate these issues in state court. He failed to raise federal claims over which the state court had concurrent jurisdiction.

■ The district court properly determined that Hayes failed to exhaust his administrative remedies with respect to his race discrimination claim. Hayes did not file a charge with the EEOC regarding this claim. Timely filing a charge with the EEOC and subsequently filing a complaint in federal district court in a timely manner are prerequisites to maintaining a Title VII action. *See United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

■ The district court properly held that the defendant was entitled to summary judgment on Hayes's claim of retaliation. To establish retaliatory discrimination, a plaintiff must demonstrate that: (1) he engaged in protected activity; (2) the exercise of his civil rights was known by the defendant; (3) the defendant thereafter took adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employ-ment action. *Allen v. Mich. Dep't of Corr.,* 165 F.3d 405, 412 (6th Cir.1999). Hayes fails to demonstrate the third and fourth elements of a retaliation claim. With respect to the ten positions with Shelby County for which Hayes applied, there is no evidence that Shelby County's decision not to hire Hayes was attributable, in whole or in part, to a non-neutral reference by the City of Memphis. With respect to Hayes's application to become a voluntary Shelby County Sheriff's Reserve Officer, Hayes fails to come forward with any admissible evidence that the City of Memphis provided a non-neutral reference to Sergeant Terhune in connection with Hayes's application to become a Reserve Officer.

Hayes has waived appellate review of the district court's dismissal of his claims under §§ 1981, 1985(3), 1986, his claim under the Equal Pay Act, his claim under the Americans with Disabilities Act, and his claim under the Fair Labor Standards Act. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

■ Finally, Hayes's argument that the district court judge should have recused himself is without merit. Hayes based his motion entirely on the judge's rulings in this action and the fact that the case was assigned to more than one judge during the course of the litigation. Disqualification is based on extrajudicial, rather than judicial, conduct. *See* 28 U.S.C. § 144; *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Because Hayes failed to present any valid reason for the judge to recuse, the district court did not abuse its discretion when the court denied Hayes's motion. *See United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990). Hayes's remaining arguments on appeal are patently meritless.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.