GREGORY, Circuit Judge,
dissenting:
Under unanimous Supreme Court precedent, a plaintiff may file a suit alleging a violation of Title VII in either state or federal court. The remaining limitation that exists where the defendant is a federal employer — sovereign immunity — was expressly waived in Title VII actions via § 2000-el6. Today’s majority incorrectly extends the requirement that Congress expressly waive sovereign immunity to also require Congress to likewise expressly waive exclusive federal jurisdiction over Title VII actions, a jurisdiction that is neither exclusive nor presumed under our system of dual sovereignty and binding Supreme Court precedent. For these reasons, I respectfully dissent.
I.
The question of whether the United States or its agency may be sued in state court under Title VII is a novel one in this Circuit and elsewhere. It is undisputed that in Title VII cases, the United States has waived sovereign immunity where the federal government is the employer. See 42 U.S.C. § 2000e-16; Library of Congress v. Shaw, 478 U.S. 310, 319, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) (abrogated by *287 statute on other grounds). The Government, however, asks this Court to narrowly construe this waiver as one that limits suits to U.S. district courts.
We first look to the express language of the statute to determine whether Congress has expressly prohibited a particular term or condition of suit. The majority is correct that the relevant statutory language prescribing the route to judicial relief for aggrieved federal employees is 42 U.S.C. § 2000e-16. However, contrary to the majority’s contention, ante at 284, the express language of the statute does not “explicitly provide[ ] for jurisdiction only in federal courts.”
Section 2000e-16 states, in pertinent part, that a federal employee “may file a civil action as provided in section 2000e-5 of this title.” With respect to jurisdiction — the disputed “condition” in this case — § 2000e-5 then states “[ejach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.” 42 U.S.C. § 2000e — 5(f)(3).
Significantly, the provision does not specify exclusive federal jurisdiction nor does it foreclose the possibility of pursuing a Title VII remedy in state court. This is unlike a number of consent statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive. The Federal Torts Claims Act illustrates this distinction. See 28 U.S.C. § 1346(b) (specifying that U.S. district courts shall have “exclusive” jurisdiction); see also, Tafflin v. Levitt, 493 U.S. 455, 471, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) (Scalia, J., concurring) (listing statutes that specifically recite that suit may be brought “only” in federal court). If Congress intends to limit jurisdiction to federal courts, it knows how to do so.
But even more importantly, the Supreme Court interpreted this very provision, § 2000e — 5(f)(3), in Yellow Freight System, Inc. v. Donnelly and unanimously determined it did not divest state courts of their concurrent authority to adjudicate Title VII claims. 494 U.S. 820, 823-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). While Yellow Freight involved a Title VII action against a private employer, and the majority understandably seeks to distinguish the decision on that ground, the jurisdictional provision it points to today as allegedly providing exclusive federal court jurisdiction to adjudicate claims against a federal employer is the very same jurisdictional provision the unanimous Court construed in Yellow Freight to conclude that Congress did not limit jurisdiction to federal courts; that is, § 2000e-5(f)(3). See Yellow Freight, 494 U.S. at 823, 110 S.Ct. 1566 (analyzing the text of Title VII and directly quoting § 2000e-5(f)(3) as the pertinent statutory language). It cannot be that the same provision has one meaning for private sector employees and another for federal employees where Congress expressly waived sovereign immunity and provided that a federal employee may file a civil action in the same manner as private sector employees. See 42 U.S.C. § 2000e-16(c).
What’s more, nothing in the language or reasoning of Yellow Freight limits its holding to suits against private employers. To the contrary, the opinion paints with a broad brush. The Court found that “[u]n-like a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive, Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction.” Id. at 823, 110 S.Ct. 1566 (emphasis added). And despite the Court’s acknowledgement of the “persuasive showing that most ... involved in the enactment, amendment, enforcement, and interpretation of Title VII expected *288 that such litigation would be processed exclusively in federal courts,” the Court still found “no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims.” Id. at 826, 110 S.Ct. 1566.
While “we must construe waivers strictly in favor of the sovereign ... and not enlarge the waiver ‘beyond what the language requires,’ ” Shaw, 478 U.S. at 318, 106 S.Ct. 2957, we have never gone so far as to require Congress to expressly waive exclusive federal court jurisdiction, a jurisdiction that is neither exclusive nor presumed. See Tafflin, 493 U.S. at 458, 110 S.Ct. 792 (“[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.”); Yellow Freight, 494 U.S. at 823, 110 S.Ct. 1566 (“To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction.”) (internal citations omitted). In every case the majority cites as requiring express consent to a condition to suit, a party was seeking to subject the federal government to an unusual condition to suit or arguing that Congress had consented to enlarged monetary penalties.* State court jurisdiction, however, is not an enlarged monetary penalty nor is it an unusual condition in our system of dual sovereignty.
In sum, a unanimous Supreme Court has unequivocally stated § 2000e — 5(f)(3) does not give federal courts exclusive jurisdiction nor does it foreclose the possibility of pursuing a Title VII remedy in state court. Because a private sector litigant may file a Title VII claim in state court and 42 U.S.C. § 2000e-16(e) provides that a federal employee may file a civil action in the same manner as private sector employees, so too can a public sector litigant file a Title VII action in state court. Nothing in the text of Title VII itself, the Supreme Court’s interpretation of that text in Yellow Freight, or our time-honored system of dual sovereignty indicates otherwise.
II.
Under the doctrine of derivative jurisdiction, the federal court properly assumed jurisdiction over the parties and the claim, as the state court had jurisdiction over Bullock’s Title VII action. Accordingly, I would reverse the district court’s dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.

 In Shaw, the Supreme Court was faced with the question of whether Congress had consented to the recovery of interest. 478 U.S. at 312, 106 S.Ct. 2957. Similarly, in Lane v. Pena, 518 U.S. 187, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996), the disputed condition was whether Congress waived its immunity from a monetary damages award. And in United States v. Sherwood, the Court analyzed whether Congress waived sovereign immunity only for claims for certain dollar amounts in the U.S. district courts and for other dollar amounts in the Court of Claims. 312 U.S. 584, 587, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).