**CLD-089**                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4235
_____

BAKARR BANGURA,
Appellant

v.

ELWYN, INC.
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-02793)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 12, 2012

Before:  RENDELL, HARDIMAN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 22, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

      Bakarr Bangura appeals from the District Court's order dismissing his complaint

against Elwyn, Inc. ("Elwyn").  We will vacate and remand for further proceedings.

      Bangura was employed by Elwyn until it terminated him following a workplace

incident on September 4, 2008. Bangura later filed suit pro se alleging that Elwyn terminated him on the basis of his Senegalese national origin. Bangura used a form employment discrimination complaint. The first page states that "This action is brought for discrimination in employment pursuant to (check only those that apply). . . ." The page then lists four options, including Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951-963. Bangura did not check the options for Title VII or any other federal statute. Instead, he checked only the option for the PHRA.

Elwyn filed a Rule 12(b)(6) motion to dismiss Bangura's complaint on the sole ground that his PHRA claim is barred by his failure to file a charge with the Pennsylvania Human Relations Commission within 180 days of the alleged discrimination. See 43 Pa. Cons. Stat. § 959(h). By order entered November 4, 2011, the District Court granted the motion and dismissed Bangura's complaint on that sole ground. Neither the motion nor the District Court's order referred to any potential federal claim. Bangura appeals.

"This court has an obligation to inquire sua sponte . . . into the jurisdiction of the District Court to enter the order on appeal." United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007). In this case, the District Court did not specify the basis for asserting jurisdiction over Bangura's complaint, and we are unable to discern any. The complaint provides addresses for both Bangura and Elwyn in Pennsylvania, so there does not appear to be any basis for diversity jurisdiction under 28 U.S.C. § 1332. Nor does the District Court's ruling suggest any basis for federal question jurisdiction under 28 U.S.C. § 1331.

2

Bangura did not expressly invoke Title VII or any other federal statute in his complaint, and the District Court did not address any potential federal claim. Instead, the District Court appears to have construed Bangura's complaint to assert only a claim under the PHRA. A claim under that state statute does not create a federal question. See, e.g., Kautz v. Met-Pro Corp., 412 F.3d 463, 466 (3d Cir. 2005) (noting that the Court had supplemental jurisdiction over PHRA claim under 28 U.S.C. § 1367); Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 758 (3d Cir. 2004) (same). Thus, if Bangura's complaint is construed to include only a claim under the PHRA, then the District Court appears to have lacked jurisdiction to address it on the merits.

For that reason, we will vacate and remand. On remand, the District Court should consider the basis for its jurisdiction and conduct such further proceedings as may be necessary in that regard. Given Bangura's pro se status, the District Court should also address whether his complaint asserts a Title VII claim. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003) (noting that courts must liberally construe pro se filings and "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name").[1] In light of our disposition, we express no opinion on the merits of Bangura's complaint or on the District Court's basis for dismissing his claim under the PHRA.

---

[1] We do not suggest that the District Court has been insensitive to Bangura's pro se status. To the contrary, the District Court initially ordered him to file either a federal or state right to sue letter before service of the complaint, but later directed service even though he does not appear to have filed such a letter. (Dist. Ct. Docket Nos. 2 & 4.) The District Court also granted his motion for counsel (id. 10), though he later withdrew his request and decided to proceed pro se (id. 13).