GLD-289                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2716
_____

BAKARR BANGURA,
                                                    Appellant

v.

ELWYN, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-02793)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2012

Before: FUENTES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: October 3, 2012)
_____

OPINION
_____

PER CURIAM

    Bakarr Bangura appeals from the District Court's order dismissing his amended

complaint against his former employer Elwyn, Inc. ("Elwyn").  We will affirm.

    Bangura filed suit pro se alleging that Elwyn terminated him on the basis of his

1

Senegalese national origin. Bangura used a form employment discrimination complaint. The first page states that "This action is brought for discrimination in employment pursuant to (check only those that apply). . . ." The page then lists four options, including Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951-963. Bangura did not check the options for Title VII or any other federal statute and instead checked only the option for the PHRA.

Elwyn filed a motion to dismiss Bangura's complaint on the sole ground that his PHRA claim is barred as a matter of state law. Bangura, in turn, requested counsel. The District Court granted that request, but Bangura later filed a "declination of attorney" and elected to respond to Elwyn's motion pro se.[1] The District Court later granted Elwyn's motion and dismissed Bangura's complaint on the basis of state law. Bangura appealed, and we vacated and remanded because our review did not reveal any basis for the District Court to have exercised subject matter jurisdiction. See Bangura v. Elwyn, Inc., 461 F. App'x 87, 88 (3d Cir. 2012). We explained that Bangura had not invoked Title VII or any other federal statute in his complaint, and we directed the District Court to consider the basis for its jurisdiction. See id.

On remand, the District Court granted Bangura leave to "amend his complaint to state a basis for federal jurisdiction[.]" (Dist. Ct. Docket No. 21.) In doing so, the court referred Bangura to the portion of our opinion discussing the jurisdictional issue,

---

[1] Bangura's declination stated in relevant part: "This correspondence will confirm that you provided me with legal representation . . . and I am opting or wish to decline your offer. This is because I think I can better represent my self [sic] in such a sensitive case." (Dist. Ct. Docket No. 13.)

including our discussion of Title VII. Bangura then filed an amended complaint, which was identical to his original complaint except that it omitted his previous factual statement and added a prayer for relief. Once again, Bangura neither checked the box pertaining to Title VII or any other federal statute nor mentioned any such statute in the amended complaint. Elwyn filed another motion to dismiss, and Bangura responded with two "motions for hearing." The first merely requested a hearing on the merits of his claim. The second was identical, except that Bangura included for the first time the assertion that "[t]he basis for jurisdiction is employment discrimination based on ethnic origin as highlighted in Title VII[.]" (Dist. Ct. Docket No. 27.)

By order entered June 12, 2012, the District Court granted Elwyn's motion and dismissed the amended complaint for lack of subject matter jurisdiction. The District Court also explained that, if it had jurisdiction, it would have dismissed the amended complaint because Bangura did not file his original complaint within 90 days of the date on which he alleged he had received a right-to-sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1). Bangura appeals.[2]

Bangura asserts that the District Court had jurisdiction because he brought a claim under Title VII, but he raises no argument that the District Court erred in assessing that issue and we perceive no such error. In particular, Bangura does not argue that the

---

[2] On the same day that Bangura filed his notice of appeal, he also filed another identical "motion for hearing" and a motion for counsel in the District Court. Those motions remain pending. They do not reference the District Court's order or otherwise seek reconsideration, and their pendency thus does not prevent us from exercising appellate jurisdiction, which we have pursuant to 28 U.S.C. § 1291.

3

District Court should have construed his second "motion for hearing" as a motion for leave to file another amended complaint, and we cannot say that the District Court abused its discretion in that regard. Both we and the District Court specifically advised Bangura of the jurisdictional issue and the possibility of asserting a claim under Title VII, but Bangura chose not to do so in his amended complaint. Bangura also did not request leave to further amend his complaint, and none of his filings reveals a colorable attempt to assert a federal claim. Pro se filings generally must be liberally construed, but we cannot fault the District Court for declining to give Bangura a third opportunity to assert a federal claim under these circumstances, particularly after he expressly declined the appointment of counsel.

For these reasons, we will affirm the District Court's dismissal of Bangura's amended complaint for lack of subject matter jurisdiction. Because the District Court lacked subject matter jurisdiction, its alternative analysis of the merits of the 90-day issue is without legal effect.[3]

---

[3] Bangura asserts for the first time on appeal that he instituted a state-court action within those 90 days by filing a praecipe for a writ of summons against Elwyn with the Pennsylvania Court of Common Pleas for Delaware County. He has not specified the nature or status of that proceeding, but the court's electronic docket suggests that it remains pending. State courts have concurrent jurisdiction over Title VII claims. See Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 826 (1990); Bailey v. Storlazzi, 729 A.2d 1206, 1209 n.6 (Pa. Super. Ct. 1999) (citing Yellow Freight). Our ruling is thus without prejudice to Bangura's ability to pursue a Title VII claim in state court, though we express no opinion on the merits of any such claim or on whether it is otherwise proper for him to assert one to the extent he might not already have done so.

4